LOUIS ROBINSON, Respondent, *v.* O. J. GUDE COMPANY, NEW YORK, Appellant.

First Department, December 28, 1922.

**Negligence — action against contractor to recover for personal injuries — contractor making repairs on house used dumbwaiter to remove refuse — dumbwaiter fell on plaintiff — negligence charged was overloading — verdict in favor of plaintiff against weight of evidence.**

In an action to recover damages for personal injuries suffered by plaintiff, it appeared that the defendant was a contractor and at the time of the accident was engaged in repairing the roof of an apartment house; that the plaintiff's wife was the janitress of the building; that the defendant used the dumbwaiter in the building for the purpose of removing refuse; that the dumbwaiter fell on the plaintiff causing the injuries complained of, and that the negligence charged in the complaint and bill of particulars was the overloading of the dumbwaiter by the defendant.

*Held,* that the verdict in favor of the plaintiff was against the weight of the evidence, since there was no proof whatever as to the aggregate weight of the material on the dumbwaiter at the time it fell.

APPEAL by the defendant, O. J. Gude Company, New York, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Bronx on the 17th day of March, 1922, upon the verdict of a jury for $2,000.

*Robert M. McCormick* [*F. A. W. Ireland* of counsel], for the appellant.

*Harry G. Guttman* [*Theodore H. Lord* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover damages for injuries sustained by plaintiff by reason of the alleged negligence of the appellant, O. J. Gude Company, New York, based upon the following facts: Plaintiff is the husband of the janitress of premises 302 West One Hundred and Sixteenth street, in the borough of Manhattan, city of New York. On May 3, 1920, the appellant, which was the lessee or had the privilege of erecting and maintaining certain signs upon the roof of the said premises, was engaged, through its agents in repairing the roof of the premises and covering the same with plastic slate. There was a dumbwaiter maintained in the premises which did not belong to the appellant, which dumbwaiter ran from the basement of the premises to a pent house on the roof thereof. The dumbwaiter was used only in the morning for the removal of waste from the apartments, such as garbage and papers, and during the day it was only used for sending down material out of the ordinary. When the janitress had completed her ordinary use of the dumbwaiter it was pulled up until it reached the pent house, and then the two pull ropes were tied together at the bottom in the cellar so that the dumbwaiter was immovable. It is the contention of the plaintiff that this dumbwaiter was used by the employees of the defendant for the removal of the refuse and old material from the roof in the course of the repairs which was placed upon the dumbwaiter until the same was overloaded. The allegation of the complaint is as follows:

"IV. That heretofore and on or about the 3rd day of May, 1920, while said defendant, through its agents, servants or employees, was engaged in doing certain work on said premises in connection with the erection or maintenance of the said sign or signs, it used the dumbwaiter in said premises therefor and so recklessly, carelessly and negligently used the same as to cause the same to drop from the upper part of said premises to the cellar thereof and strike the plaintiff who was then and there lawfully in said cellar."

The bill of particulars served by plaintiff herein specifies the negligence of the defendant as follows:

"VI. The defendant O. J. Gude Company, through its agents, servants or employees, carelessly, recklessly and negligently over-

loaded the said dumbwaiter with dirt, tar, tar paper, bricks, cement, gravel, etc., and carelessly, recklessly and negligently forced the said dumbwaiter down from the fifth floor or roof to the fourth floor when the rope attached to said dumbwaiter was tied; the defendant performed the aforementioned·acts in so careless, reckless and negligent manner that the aforesaid dumbwaiter was caused to fall and injure the plaintiff without giving the said plaintiff any signal or warning that it had committed the aforesaid acts."

The testimony given on behalf of the plaintiff is to the effect that the janitress had brought the dumbwaiter to the pent house on the roof and tied the ropes as usual; that thereafter one of the defendant's employees engaged in connection with its work on the roof came to her and asked what the matter was with the dumbwaiter and why it was tied at the bottom of the shaft and requested her to untie it; that she went out and found the ropes pulled up so that she could not reach them, at which time she saw something projecting from the dumbwaiter above, whereupon she walked back to her apartment.  Plaintiff testified that one of the defendant's employees came to him and asked him to give him a hand with the dumbwaiter; that thereupon plaintiff went out, looked up, saw the dumbwaiter between the roof and the top floor, and before he could even touch the rope something hit him and he knew no more, but he thought it was a bag of cement or dirt.  Upon cross-examination it appeared that he had gotten into the dumbwaiter shaft and was reaching for the rope when something fell upon him, although he denies that he had touched the rope and pulled it before the object fell upon him.

There is testimony from a witness, who reached the scene of the accident almost immediately after its occurrence, that plaintiff was found by him sprawled out in the dumbwaiter shaft with a lot of rubbish about him, such as gravel, coping of a wall, brick, etc., together with pieces of the dumbwaiter; that there was a bag lying on plaintiff weighing about sixty pounds, and also something resembling a butter tub or firkin, that was smashed. The bag on his back was further described as a cement bag, twenty-four inches long and ten or twelve inches wide, which was not filled but had spread open and was lying on plaintiff's back.

Another witness was called by plaintiff who testified that he had cut pieces from the rope of the dumbwaiter the·day after the accident, which pieces were received in evidence.  Another witness, an expert, testified that a rope, such as that of which pieces were received in evidence, when new, had a tensile strength of 1,000 pounds, and that the rope of which pieces were received in evidence

with ordinary usage was nearly enough to carry anything to be put on a dumbwaiter in a flat house not to exceed seventy pounds.

The learned trial court charged the jury: " You can only find a verdict for the plaintiff when he has established that this defendant overloaded that dumbwaiter, was careless and reckless in the manner in which it did it, and that he himself was guilty of no negligence."

Further, at the request of the defendant's counsel, the trial court charged the jury as follows: " Mr. Skelly: I ask your Honor to charge the jury that there is no evidence in this case as to the weight of the material that they said or claimed was on the dumbwaiter. The Court: I so charge."

Upon the allegation of the complaint, as limited by the bill of particulars herein, the assigned negligence of the defendant was in carelessly, recklessly and negligently overloading the dumbwaiter. Of this there is not sufficient evidence in the case. While it is true that the evidence would justify the inference that the material which was found on and around the plaintiff after the accident was such as would have come from the roof in the course of repairing the same by the defendant, there is an absolute failure of proof that the aggregate weight of the material so placed upon the dumbwaiter by the defendant's employees was more than the dumbwaiter could reasonably and properly be expected to carry, or was more than the dumbwaiter would in fact have borne if the ropes thereof had been in proper condition. The defendant was under no duty or liability as to the condition of the elevator; that was a matter entirely for the owner or lessee of the premises. There is no suggestion that it had any knowledge or information as to the condition of the dumbwaiter or the ropes thereof. There is no proof that the material placed upon it by the defendant's employees exceeded either the original carrying capacity of the dumbwaiter in a proper or safe condition, or such capacity in the condition in which it was at the time when the materials were so placed upon it. The proof falls short of meeting the allegation of the complaint and fails to establish negligence upon the part of defendant as alleged.

The judgment appealed from should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, GREENBAUM and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.